UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MICHAEL ELDRIDGE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | Case No.: 20cv1135-CAB-RBM<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C.  SECTION 1383(d)(2)(B) [Doc. No. 23]** |

On March 19, 2024, Plaintiff's counsel filed a motion for attorneys' fees pursuant to 42 U.S.C. §§ 1383(d)(2)(B). [Doc. No. 23.] On April 10, 2024, Defendant filed a response. [Doc. No. 26.]  For the reasons set forth below, the motion is **GRANTED**.

BACKGROUND

In September 2013, Plaintiff applied to the Social Security Administration ("SSA") for social security benefits.  After an administrative law judge ("ALJ") denied benefits, Plaintiff appealed the denial to this Court. [Doc. No. 1.]  On May 6, 2021, Defendant filed the administrative record. [Doc. Nos. 13 and 14.]  Thereafter, the parties engaged in settlement negotiations. [*See* Doc. Nos. 16 and 17.]  On September 8, 2021, the parties filed a Joint Motion to Remand to the U.S. Social Security Administration.

1

[Doc. No. 18.]  On September 8, 2021, this Court issued an Order for Remand Pursuant to Sentence Four of 42 U.S.C. Section 405(g) and Entry of Judgment.  [Doc. No. 19.]  On remand, Plaintiff prevailed, and the Commissioner awarded Plaintiff approximately $81,850.84 in retroactive benefits from Title XVI benefits. [Doc. No. 23 at 3.]

On November 3, 2021, pursuant to a joint motion, this Court awarded Plaintiff $4,700.00 in attorneys' fees under the Equal Access to Justice Act ("EAJA").  [Doc. No. 22.]  Plaintiff filed this motion on March 19, 2024, seeking an attorneys' fees award of $20,462.00 under section 406(b), which represents 25% of the past-due benefits awarded to Plaintiff.  [Doc. No. 23.]  Under the contingency fee agreement, Plaintiff and her counsel agreed that Plaintiff's counsel would be paid, pursuant to section 406(b), a maximum of 25% of the past-due benefits awarded to Plaintiff.  [Doc. No. 23-1 at 1, ¶3.] In the motion, Plaintiff's counsel seeks an order awarding Steven G. Rosales (Plaintiff's counsel) attorney fees in the amount of $20,462.00, and further ordering Steven G. Rosales to reimburse Steven Michael Eldridge (Plaintiff) the amount of $4,700.00 for the EAJA fees awarded by the Court.  [Doc. No. 23 at 2.]  In the response to the motion, Defendant takes no position on whether the gross fee that Counsel requests under the Social Security Act is reasonable under the case law.  [Doc. No. 26 at 2.]

## LEGAL STANDARD

Section 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a [social security] claimant, ... the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A).[1]  A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a

---

[1] As noted by Plaintiff's counsel, "[Section] 1383(d)(2)(B) incorporates [Section] 406(b) for SSI purposes when Congress extended fee withholding to SSI cases.  Doc. No. 23 at 4, n. 2.

judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc).

In considering a motion for attorneys' fees under section 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–809. To evaluate the reasonableness of a fee request under section 406(b), the court should consider the character of the representation and the results achieved. *Id.*; *see also Crawford*, 586 F.3d at 1151. This includes analyzing whether substandard representation justifies awarding less than 25% in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151–52 (citing *Gisbrecht*, 535 U.S. at 808).

When an attorney receives EAJA fees and 406(b) fees for the same work, he or she must refund the smaller award to his or her client. Thus, attorneys are permitted to seek recovery under both EAJA and Section 406(b), and to keep the larger fee, but they must refund the smaller fee to the claimant. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218 (9th Cir.2012).

## ANALYSIS

The Court finds that Plaintiff's counsel's fee request is reasonable. As an initial matter, the Court notes that the contingency fee agreement between Plaintiff and his counsel is within the statutory ceiling; the agreement provides that if, after judicial review of any adverse ALJ decision, the SSA awards Plaintiff past-due benefits, Plaintiff will

pay counsel a fee no greater than 25% of the past-due benefits awarded. [Doc. No. 23-1 at ¶3.]

Further, the Court finds that Plaintiff's counsel's work on this case was not insubstantial: Counsel filed a complaint and engaged in settlement negotiations which led to a filing of a joint motion to remand to the Commissioner for further proceedings. [Doc. Nos. 16, 17 and 18.] Counsel then prepared and participated in the administrative hearing on remand. [Doc. No. 23 at 4.] Nothing suggests that Plaintiff's counsel provided substandard representation, or that Plaintiff's counsel delayed this litigation in order to amass more in potential fees. And the time Plaintiff's counsel spent on work before this Court—approximately 20 hours and 8 minutes of attorney time —is not out of proportion to the fee award. See Doc. No. 23 at 4-7; *cf. Crawford*, 586 F.3d at 1145 (awarding $21,000 in fees where fees represented 19.5 attorney-hours and 4.5 paralegal-hours of work); *Macewen v. Colvin*, 10cv1263-JLS-MDD, 2016 WL 6082308 (S.D. Cal. October 18, 2016)(awarding $21,808.50 in fees for 35.2 hours of attorney and paralegal work). Finally, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering attorneys' fees. At the time that Plaintiff and his counsel signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the ALJ. [Doc. No. 23-1.]

After a review of the record, the Court finds the fee request reasonable and that it does not constitute a "windfall" to Plaintiff's counsel. *See Gisbrecht*, 535 U.S. 789.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion for attorneys' fees pursuant to 42 U.S.C. §406(b). The Court **AWARDS** Steven G. Rosales attorneys' fees in the amount of $20,462.00. The Court **HEREBY ORDERS**

/ / / / /

/ / / / /

/ / / / /

Steven G. Rosales to reimburse Steven Michael Eldridge the amount of $4,700.00 for EAJA fees awarded by this Court.

**IT IS SO ORDERED.**

Dated: April 23, 2024

Hon. Cathy Ann Bencivengo
United States District Judge